# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS ALVAREZ,<br><br>Plaintiff,<br><br>v.<br><br>ALEX CHAVARRIA, et. al.,<br><br>Defendants. | **CASE NO. 1:16-cv-00067-MJS**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**THIRTY-DAY DEADLINE TO AMEND** |

Plaintiff is a county inmate proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. His January 15, 2016, complaint is before the Court for screening.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners and pretrial detainees seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . .

fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLEADING STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III. PLAINTIFF'S ALLEGATIONS

Plaintiff is currently incarcerated in the Kings County Jail in Hanford, California. He brings claims arising out of his November 25, 2014, arrest by the Corcoran, California Police. He brings suit against Defendants Sergeant Alex Chavarria, Detective Benjamin Beavers, and the Corcoran California Police Department for the use of excessive force. Plaintiff's essential complaints may be summarized as follows:

On November 25, 2014, Plaintiff was the subject of a criminal investigation. At approximately 10 p.m. on that day, multiple officers arrived at Plaintiff's residence in order to arrest him. Plaintiff was standing outside of his home when he saw a vehicle pull up to

his house and a police officer step out.  Seeing the police officer, Plaintiff immediately began running in the opposite direction.  Defendant Chavarria pursued Plaintiff in his patrol car while Defendant Beavers pursued Plaintiff on foot.  As Plaintiff was "running across to an adjacent street," Defendant Chavarria struck Plaintiff with the patrol car.  Plaintiff was injured so severely that he had to be airlifted to Fresno Trauma.  He alleges he has suffered long term injuries.

Plaintiff seeks medical costs and compensation for his pain and suffering.

## IV.   ANALYSIS

### A.   Municipal Entity Liability

As an initial matter, to the extent Plaintiff is attempting to state a municipal liability claim (a Monell claim) against Defendant Corcoran Police Department, his complaint fails to set forth facts supporting such a claim.

"[S]ection 1983 imposes liability only on 'persons' who, under color of law, deprive others of their constitutional rights, [and] the Supreme Court has construed the term 'persons' to include municipalities such as the County." Castro v. Cty. of Los Angeles, 797 F.3d 654, 670 (9th Cir. 2015) (citing Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978)).  Counties may not be held liable for the actions of their employees under a theory of *respondeat superior*, but they may be held liable for a constitutional violation if an action taken pursuant to a policy, be it a formal or informal policy, caused the underlying violation.  Castro, 797 F.3d at 670 (citing City of St. Louis v. Praprotnik, 485 U.S. 112, 131 (1989) and Monell, 436 U.S. at 691) (quotation marks omitted); see also Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010) (municipal liability claim cannot be maintained unless there is an underlying constitutional violation).

Municipal liability may also be imposed where the local government unit's omission led to the constitutional violation by its employee.  Gibson v. Cty. Of Washoe, Nev., 290 F.3d 1175, 1186 (9th Cir. 2002).  Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id.  This

kind of deliberate indifference is found when the need to remedy the omission is so obvious, and the failure to act so likely to result in the violation of rights, that the municipality reasonably can be said to have been deliberately indifferent when it failed to act. Id. at 1195.

In this case, Plaintiff has not linked any alleged underlying violation of his rights to a policy or practice attributable to the police department, nor has he provided any facts showing that the police department knew of, and blatantly ignored, constitutional violations committed by its employees. Therefore, all claims against Defendant Corcoran Police Department will be dismissed. Leave to amend will be granted to enable Plaintiff to plead the missing elements outlined above if they truthfully can be alleged.

### B. Excessive Force Claim

Excessive force claims brought by arrestees are analyzed under the Fourth Amendment, which protects individuals from "unreasonable searches and seizures." Smith v. City of Hemet, 394 F.3d 689, 700 (9th Cir. 2005) (citing Graham v. Connor, 490 U.S. 386, 395 (1989)). To determine whether the force used during the course of an arrest is excessive, Courts will look to "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." Id. (citing Graham, 490 U.S. at 397); Reed v. Hoy, 909 F.2d 324, 329 (9th Cir. 1989). The question is not simply whether or not the force was necessary to accomplish a legitimate police objective; "it is whether the force used was reasonable in light of *all* the relevant circumstances." Id. at 701 (citing Hammer v. Gross, 932 F.2d 842, 846 (9th Cir. 1991) (emphasis in original).

The Fourth Amendment reasonableness inquiry requires balancing the "nature and quality of the intrusion" on an individual's liberty with the "countervailing governmental interests at stake." Graham, 490 U.S. at 396. The Court may consider several factors when making this determination, including: (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers of

4

others; and (3) whether the suspect is actively resisting or attempting to evade arrest by flight." Id.

Here, Plaintiff has failed to allege facts showing that Defendants Chavarria and Beavers actions were objectively unreasonable in light of the facts and circumstances they were confronted with. Plaintiff admits that he was a named suspect in a criminal investigation, and thus does not allege that the officers' presence at his home was unlawful. He further admits that when police officers arrived at his home to arrest him, he immediately began to flee, forcing the officers to pursue him. He then states he ran "across to an adjacent street." As the complaint presently reads, it appears that Plaintiff was running *across the street* when Defendant Chavarria struck him with the patrol car. While it is unfortunate that Plaintiff sustained injuries, nothing in these facts suggests that Defendant Beavers was unreasonable in pursuing Plaintiff on foot, or that Defendant Chavarria was unreasonable in pursuing Plaintiff in the patrol car. Furthermore, without more, the fact that Defendant Chavarria's car struck Plaintiff while Plaintiff was running across the street is not objectively unreasonable. Plaintiff's claim will therefore be dismissed with leave to amend.

## V.    **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a cognizable claim against any Defendant for excessive force under the Fourth Amendment. The Court will provide Plaintiff the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims.. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The Court advises Plaintiff an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend;
2. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his complaint filed January 15, 2016;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal;
4. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, the undersigned will recommend this action be dismissed, with prejudice, for failure to state a claim and failure to obey a court order, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   May 20, 2016                     /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE