UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS ALVAREZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ALEX CHAVARRIA,<br><br>　　　　Defendant. | Case No.: 1:16-cv-00067MJS<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THIS CASE**<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY MOTION TO DISMISS**<br><br>**(ECF No. 20)**<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT DEADLINE**<br><br>**FOURTEEN DAY DEADLINE TO OBJECT AND TO SHOW CAUSE** |

Plaintiff is a state prisoner currently incarcerated at the Sierra Conservation Center in Jamestown, California. He proceeds pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint. (ECF No. 8.)

On September 12, 2017, Defendant Chavarria filed a motion to dismiss the complaint for failure to state a claim. (ECF Nos. 20-22.) Plaintiff did not file a response to

the motion to dismiss. Given Plaintiff's pro se status, the court on October 19, 2017, provided Plaintiff the opportunity to show good cause for his non response and gave him an extended opportunity to respond to the motion to dismiss. (ECF No. 23.) On November 21, 2017, Plaintiff filed a motion for an additional thirty day extension of time to respond to the order to show cause and to the motion to dismiss because he was in administrative segregation and lacked access to the law library. (ECF No. 24.). The Court granted that motion (ECF No. 25) and discharged the order to show cause (ECF No. 26).

On January 2, 2018, Plaintiff filed a second motion for extension of time to file a response to the motion to dismiss and raised the same grounds as in the first motion. (ECF No. 27.) On January 4, 2018, the Court granted Plaintiff an additional thirty day extension of time to file an opposition. (ECF No. 28.) Plaintiff was warned that the Court could not indefinitely postpone addressing the pending motion. (Id.)

Plaintiff has yet to file an opposition to the motion to dismiss and the time to do so has long passed. Accordingly, the Court deems the motion submitted. See Local Rule 230(l). While "[f]ailure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion," Local Rule 230(l), the Court will still address the substance of Defendant's motion to dismiss.

For the foregoing reasons, the undersigned recommends that the motion to dismiss (ECF No. 22) be denied. The Court directs the Clerk of Court to assign a District Judge to this action to address the recommendations issued herein.

While the Court recommends denial of the motion to dismiss, it will nevertheless order Plaintiff to show cause within 14 days of the date of this Order why the case should not be dismissed for failure to prosecute.

## I. Background

Plaintiff is currently incarcerated at the Sierra Conservation Center in Jamestown, California. Plaintiff's claims stem from his November 25, 2014, arrest by the Corcoran

Police Department. He brings this suit against Sergeant Alex Chavarria.[1] Plaintiff's allegations in the first amended complaint (ECF No. 8) may be summarized as follows:

On November 25, 2014, multiple officers arrived at Plaintiff's residence to question or arrest him pursuant to a criminal investigation. As police officers arrived at Plaintiff's home, Plaintiff turned and ran in the opposite direction, past his house, and towards an empty lot behind it. Plaintiff was about to cross the road toward the other side when he saw Defendant Chavarria speeding towards him. Plaintiff continued running, then stopped. Chavarria continued to speed towards Plaintiff until he hit Plaintiff with his vehicle, causing multiple injuries. Chavarria later wrote in his police report to justify his actions: "I felt if [Plaintiff] were to get away he would continue to be a menace to society and dangerous to the community." At the time, Plaintiff was not armed and did not pose a threat to officers or the public.

Plaintiff seeks medical costs and compensation for his pain and suffering.

## II.     Motion to Dismiss

Defendant moves to dismiss this action on the basis that it is barred under Heck v. Humphrey, 512 U.S. 477 (1994) and therefore fails to state a claim as a matter of law. (ECF No. 20.) Specifically, Defendant argues that Plaintiff admits in the complaint that he was resisting arrest at the time that Defendant hit him with the vehicle. Furthermore, Plaintiff was convicted of resisting arrest for this specific incident. Accordingly, Defendant argues that a judgment in Plaintiff's favor in this case would necessarily imply the invalidity of Plaintiff's conviction and must be dismissed under Heck. (Id.)

For the reasons set forth below, the Court rejects this argument and recommends that the motion be denied.

---

[1] Plaintiff's original complaint also named Detective Benjamin Beavers and the Corcoran Police Department. Plaintiff indicates in his first amended complaint that he would like to voluntarily dismiss his claims against those two defendants. (ECF No. 8 at 6-7.) Under Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff may dismiss a claim without a Court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Plaintiff's notice is sufficient under Rule 41. Accordingly, Plaintiff's claims against Beavers and the Corcoran Police Department were dismissed without prejudice. (ECF No. 13.)

## III. Legal Standards

### A. Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) provides for motions to dismiss for "failure to state a claim upon which relief can be granted." In considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to

4

judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).

### B. Heck Bar Legal Standard

In Heck, the United States Supreme Court held that under circumstances such as those presented here, the Court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487. In short, "Heck says that 'if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.'" Smith v. City of Hemet, 394 F.3d 689, 695 (9th Cir. 2005) (quoting Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996)). "Consequently, 'the relevant question is whether success in a subsequent § 1983 suit would 'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence[.]" Beets v. County of Los Angeles, 669 F.3d 1038, 1042 (9th Cir. 2012) (quoting Smithart, 79 F.3d at 951).

However, "a conviction [for resisting, delaying or obstructing a police officer] does not bar a § 1983 claim for excessive force under Heck when the conviction and the § 1983 claim are based on different actions during 'one continuous transaction.'" Hooper v. County of San Diego, 629 F.3d 1127, 1134 (9th Cir. 2011). Where a plaintiff alleges excessive force (or assault and battery) in relation to an incident where he was convicted of resisting, Heck would bar a "§ 1983 claim to the extent that it alleges that [the plaintiff] offered no resistance, that he posed no reasonable threat of obstruction to the officers, and that the officers had no justification to employ any force against him at the time [force was applied]." Id. at 1132 (internal citations omitted). In City of Hemet, an arrestee's conviction upon his guilty plea to resisting, delaying or obstructing a peace officer did not preclude his Section 1983 action, because genuine issues of material fact as to whether force used in arrest was reasonable precluded summary judgment. 394

5

F.3d 689.

The Heck bar applies whenever state prisoners "seek to invalidate the duration of their confinement – either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81. Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-2.

## IV. Discussion

Plaintiff admits in his complaint that he initially resisted arrest by fleeing: "[A]as police officers arrived to my home, I quickly turned and ran the opposite direction." (ECF No. 8 at 3.) Furthermore, pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the documents concerning Plaintiff's criminal conviction for resisting arrest as submitted by Defendant. (ECF Nos. 22; 22-1; 22-2; 22-3; 22-4; 22-5.)

As an initial proposition, the fact that plaintiff had engaged in a crime that justified his apprehension and that he resisted being so apprehended by fleeing is not fundamentally inconsistent with, and it does not preclude, a finding that Defendant overreacted and unnecessarily used excessive, deadly, force, depriving plaintiff of his rights under the constitution. See Smith, 394 F.3d at 696 ("A conviction based on conduct that occurred before the officers commence the process of arresting the defendant is not "necessarily" rendered invalid by the officers' subsequent use of excessive force in making the arrest"; Sanford v. Motts, 258 F.3d 1117, 1119-20 (9th Cir. 2001) (explaining that a successful § 1983 suit based on excessive force would not necessarily imply the invalidity of Sanford's conviction under § 148(a)(1) because the officer's use of excessive force occurred subsequent to the conduct for which Sanford was convicted under § 148(a)(1)). Logically, Plaintiff's conviction for resisting is not inconsistent with a finding that the defendant overcame that resistance with a

constitutionally impermissible level of force. Resisting arrest does not automatically give a pursuing law enforcement officer the right to use deadly force to stop the flight. See Tennessee v. Garner, 471 U.S. 1, 11 (1985) ("Where the suspect poses no immediate threat to the officer and no threat to others, the harm resulting from failing to apprehend him does not justify the use of deadly force to do so.") There is nothing about the facts presented in this case to suggest that Plaintiff was engaged in immediately threatening behavior toward Defendant or others for which deadly force could be justified.

Regardless, Plaintiff alleges Defendant purposely ran him down with a police vehicle even after Plaintiff had stopped fleeing, because, according to Defendant, Defendant feared plaintiff might commit additional crimes and prove to be an ongoing menace to society. Such fear of future crime does not justify deadly force. See Garner, 471 U.S. at 11. Given Plaintiff's allegation that he stopped resisting before the force was used, a judgment in his favor here would not undermine his conviction for resisting arrest. See Hooper v. County of San Diego, 629 F.3d 1127, 1134 (9th Cir. 2011) (A "conviction under California Penal Code § 148(a)(1) does not bar a § 1983 claim for excessive force under Heck when the conviction and the § 1983 claim are based on different actions during 'one continuous transaction.'"); Sanford v. Motts, 258 F.3d 1117, 1120 (9th Cir. 2001) ("[I]f [the officer] used excessive force subsequent to the time Sanford interfered with [the officer's] duty, success in her section 1983 claim will not invalidate her conviction. Heck is no bar.").

Regardless, none of the documents presented by Defendant or anything else in the record provide sufficient factual detail concerning the incident for which Plaintiff was convicted of resisting to enable the Court to grant Defendant's motion to dismiss. Defendant has presented only Plaintiff's Notice of Appeal to the Court of Appeal, Fifth Appellate District (ECF No. 22-2); an "Abstract of Judgment - Prison Commitment Indeterminate" form (ECF No. 22-3); a copy of "Superior Court of California, County of Kings, Minute Orders" from plaintiff's criminal case (ECF No. 22-4); and a copy of the Fifth District Court of Appeal Docket for Plaintiff's appeal (ECF No. 22-5). None of the

documentation sets forth the **factual basis** for Plaintiff's conviction. This court is unable to compare the facts underlying plaintiff's criminal conviction with the allegations underlying his excessive use of force claim.

In Smith, 394 F.3d 689, the Ninth Circuit faced a similar situation analyzing whether the plaintiff's action was Heck barred in a case where "nothing in the record informs us what the factual basis for Smith's plea was." Id. at 698 (quotation omitted). Accordingly, it concluded:

> Because on the record before us we cannot determine that the actions that underlay Smith's conviction upon his plea of guilty occurred at the time of or during the course of his unlawful arrest, Smith's success in the present action would not necessarily impugn his conviction. Accordingly, the defendants are not entitled to summary judgment on the basis of Heck v. Humphrey.

Id. at 699.

Here, in light of the absence of evidence or information relating to the factual basis for Plaintiff's criminal conviction for resisting, the Court cannot find that Plaintiff's excessive use of force claim necessarily implies the invalidity of his criminal conviction. See Sanford, 258 F.3d at 1119 ("Nothing in the record informs us what the factual basis was for Sanford's plea of nolo. . . . It was the burden of the defendants to establish their defense by showing what the basis was; they failed to do so.").

Defendant relies on Beets v. County of Los Angeles, 669 F.3d 1038 (9th Cir. 2012), where the parents of the deceased filed an excessive force Section 1983 suit against an officer who shot and killed decedent. (ECF No. 21 at 6.) In Beets, the 9th Circuit affirmed that decedent's accomplice's conviction by jury barred the plaintiff's case under Heck. 669 F.3d 1038. Specifically, the Ninth Circuit held that because "there was no break between [the decedent's] assault with [a] pickup truck and the police response" the officer's "actions were 'within the temporal scope of [the decedent and the accomplice's] crime and were part of a single act for which the jury found [the accomplice] bears responsibility." Id. at 1044.

Unlike Beets, the facts before the Court here reflect a clear temporal break

between the act of resisting and the excessive force used by Defendant. Moreover, there is here nothing like the jury finding in Beets that the defendant acted within the scope of his employment and did not use excessive force. See Beets, 669 F.3d at 1045.

Accordingly, upon consideration of the arguments and facts on file, Defendant's motion to dismiss should be denied.

**V.  Order to Show Cause**

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third

factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use.

The Court provided Plaintiff with three opportunities to file a response to the motion to dismiss. (ECF Nos. 23; 25; 28.) Despite these opportunities, Plaintiff failed to file a response, and he has not filed anything in this case since his last motion for a thirty day extension of time on January 2, 2018. (ECF No. 27.) Plaintiff may have elected to abandon the case.

Accordingly, within thirty days of service of this Order, Plaintiff shall show cause as to why this action should not be dismissed for failure to prosecute. If Plaintiff fails to show cause, the undersigned will recommend dismissal of this case.

**VI. Recommendations and Orders**

For the reasons set forth above, IT IS HEREBY ORDERED that:

(1) The Clerk of Court is directed to assign a District Judge to this action to address the recommendations herein;

(2) Within thirty days of service of this Order, Plaintiff shall show cause as to why this action should not be dismissed for failure to prosecute; and

(3) If Plaintiff fails to show cause, the undersigned will recommend dismissal of this case.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Defendant's motion to dismiss (ECF No. 20) be denied.

These Findings and Recommendations will be submitted to the United States

District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: April 4, 2018         /s/ *Michael J. Seng*
                             UNITED STATES MAGISTRATE JUDGE