UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS ALVAREZ, | Case No. 1:16-cv-00067-LJO-JDP |
| Plaintiff, | |
| v. | THIRD ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE |
| ALEX CHAVARRIA, | |
| Defendant. | |
| | (Doc. No. 29) |

Pro se plaintiff Juan Carlos Alvarez is a state prisoner incarcerated at the Sierra Conservation Center in Jamestown, California. In November 2016, he filed his first amended complaint under 42 U.S.C. § 1983, proceeding *in forma pauperis*. (Doc. No. 8.) Plaintiff has not responded the court's order to show cause why the court should not dismiss his case for failure to prosecute. The court will give plaintiff one more chance to explain why his case should not be dismissed.

Defendant Alex Chavarria filed a motion to dismiss and supporting memorandum on September 12, 2017. (Doc. Nos. 20, 21.) After plaintiff did not respond within the 30-day deadline, the court ordered him to show cause why his case should not be dismissed for failure to prosecute. (Doc. No. 23.) Plaintiff requested a 30-day extension on November 16, 2017, which the court granted. (Doc. Nos. 24, 25.) On April 5, 2018, the court denied defendant's motion on the merits, but issued plaintiff a second show cause order for failure to prosecute, requiring a

1

response within 30 days.  (Doc. No. 29.)  Although the clerk of court mailed the order on April 5, 2018, the court has received no response from plaintiff.

To manage its docket effectively, the court imposes deadlines on litigants and requires litigants to meet those deadlines.  When a plaintiff repeatedly fails to comply with court-imposed deadlines, the court may dismiss the plaintiff's case for failure to prosecute.  *See* Fed. R. Civ. P. 41; *Hells Canyon Pres. Council v. U.S. Forest Serv*., 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances.").  Involuntary dismissal is a harsh penalty, but a district court has a duty to administer justice expeditiously and avoid needless burden for the parties.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

Plaintiff has indicated that he has had difficulties preparing court submissions because he has been, for at least some time, confined to a segregation unit.  (*See* Doc. Nos. 24, 27.)  Although the court is sensitive to the challenges faced by the plaintiff, the court will require plaintiff to respond within the time periods specified by the court.  The court will give plaintiff a final chance to explain why the court should not dismiss the case for his failure to prosecute.  Plaintiff's failure to respond to this order will constitute a failure to comply with a court order.

Accordingly, plaintiff must show cause by June 30, 2018, why the court should not dismiss his case for failure to prosecute.

IT IS SO ORDERED.

Dated:    May 30, 2018              /s/ *Jeremy D. Peterson*
                                    UNITED STATES MAGISTRATE JUDGE

2