UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS ALVAREZ,<br><br>Plaintiff,<br><br>v.<br><br>ALEX CHAVARRIA,<br><br>Defendant. | Case No. 1:16-cv-00067-LJO-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT THE COURT DISMISS THE CASE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDERS |

Plaintiff Juan Carlos Alvarez is proceeding pro se in this civil rights action brought under 42 U.S.C. § 1983. On September 12, 2017, defendant Alex Chavarria filed a motion to dismiss (Doc. No. 20.), but plaintiff did not respond within the deadline. On October 19, 2017, the court ordered plaintiff to show cause why this case should not be dismissed for his failure to prosecute. (Doc. No. 23.) Plaintiff did not respond, and the court issued two more orders to show cause, highlighting plaintiff's failure to prosecute. (Doc. Nos. 29, 32.) Plaintiff still has not responded.

The court may dismiss a case for plaintiff's failure to prosecute or failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Involuntary dismissal is a harsh penalty, but a district court has duties to resolve disputes expeditiously and to avoid needless burden for the parties. *See* Fed. R. Civ. P. 1; *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

| | |
|---|---|
| 1 | In considering whether to dismiss the case for failure to prosecute, a court ordinarily |
| 2 | considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the |
| 3 | court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy |
| 4 | favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." |
| 5 | *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 |
| 6 | F.2d 1421, 1423 (9th Cir.1986)).  These heuristic factors merely guide the court's inquiry; they |
| 7 | are not conditions precedent for dismissal.  *See In re Phenylpropanolamine (PPA) Products* |
| 8 | *Liability Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006). |
| 9 | Here, the balance of the factors weigh in favor of dismissing the case.  The public's |
| 10 | interest in expeditious resolution of the case and the court's need to manage its docket weigh in |
| 11 | favor of dismissal.  *See Pagtalunan*, 291 F.3d at 642.  Although delay "inherently increases the |
| 12 | risk that witnesses' memories will fade and evidence will become stale," this is hardly reason to |
| 13 | proceed with a case that plaintiff apparently does not wish to prosecute.  *Id*. at 643.  The |
| 14 | undersigned will recommend dismissal without prejudice. |
| 15 | **Findings and Recommendations** |
| 16 | The undersigned recommends that the court dismiss the case without prejudice for |
| 17 | plaintiff's failure to prosecute and failure to comply with a court order. |
| 18 | The undersigned submits the findings and recommendations to the district judge presiding |
| 19 | over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the |
| 20 | United States District Court, Eastern District of California.  Within 14 days of the service of the |
| 21 | findings and recommendations, plaintiff may file written objections to the findings and |
| 22 | recommendations with the court and serve a copy on all parties.  That document must be |
| 23 | captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge |
| 24 | will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).  Plaintiff's failure |
| 25 | to file objections within the specified time may result in the waiver of rights on appeal.  *See* |
| 26 | *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014). |
| 27 | |
| 28 | |

IT IS SO ORDERED.

Dated: July 17, 2018

_____
UNITED STATES MAGISTRATE JUDGE